[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Kathleen A. Reed appeals the decision of the zoning board of appeals of the town of Suffield, which upheld a decision of the town's zoning enforcement officer. The board acted pursuant to General Statutes §§ 8-6, 8-7 and 8-7d. The plaintiff appeals pursuant to § 8-8. The court finds in favor of the plaintiff.
The plaintiff owns the property which is the subject of the board's decision and is thus aggrieved by the decision.
The property in question consists of forty-two acres and is located in a R-90 zone. Applicable regulations permit the use of the property for "farm use" and "nurseries," in addition to residential use.
The plaintiff had been bringing tree stumps, topsoil, woodchips and bark mulch onto the property from outside sources, grinding the wood products, and then mixing these materials into the soil on the property. As admitted by the board in its brief to the court, "this would enhance the volume and quantity of topsoil on the property."
On February 10, 1997, the town's zoning enforcement officer ordered the plaintiff to cease and desist from the "dumping of stumps and forest products processing." The plaintiff duly appealed this order to the board, which held a hearing on June 24, 1997. At the hearing, the plaintiff appeared and presented testimony of an expert, as well as other evidence. Following the hearing, the board rejected the plaintiff's appeal and sustained the cease and desist order. It is that decision which is the subject of this appeal to the court.
The law grants to the board considerable discretion in interpreting and applying relevant zoning regulations, but the board does not have carte blanche. "Generally, it is the function CT Page 3003 of a zoning board . . . to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. [U]pon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . The burden of proof is on the plaintiff to demonstrate that the board acted improperly. Spero v. ZoningBoard of Appeals, 217 Conn. 435, 440 (1991).
Although the board did not specify its reasons for denying the plaintiff's appeal in its published decision, a fair reading of the record establishes that the board based its decision on its findings (1) that the importation and grinding of tree stumps does not constitute a "farming use" or a "nursery" activity and (2) that the activity constitutes a nuisance which is not protected under the law, as it would be if it were a farming or nursery use.
The record also discloses reasons given by the board members as the basis of their decision. The board members agreed that the end product resulting from the plaintiff's operations — the ground up stumps — constitutes an agricultural product. The board members further agreed that the stump grinding activity would be permissible as a farm use if the plaintiff used stumps found on her own property. The board's decision that the plaintiff's operations in this case do not constitute a "farm use" was based solely on the fact that the plaintiff brought the stumps onto her property for processing from the outside.[1]
The board does not indicate in its decision how it defines the term "farm use," which, as noted previously, is a permitted use in the zone in question. The term is not defined in the regulations, except § 1.20 defines "farm" as a "tract of land . . . used in part or wholly for agricultural purposes."
In the absence of any more definitive explanation of the term in the board's local regulations, it is reasonable to refer to appropriate definitions in the general statutes and our case law. CT Page 3004
General Statutes § 1-1q, defines the term "farming" as it may be used elsewhere in the statutes, and that provides a useful starting point. In relevant part, the statute reads as follows:
 [T]he words "agriculture" and "farming shall include cultivation of the soil, . . . forestry, . . . the operation, management, conservation, improvement, or maintenance of a farm . . . the production or harvesting of . . . any agricultural product, including lumber, as an incident to ordinary farming operations.
See also Zoning Commission v. Lescynski, 188 Conn. 724, 730
(1982), where the court accepted arguendo the proposition that this statutory definition is applicable in interpreting zoning regulations; Fyber Properties Killingworth Limited Partnership v.Shanoff, 228 Conn. 476, 486 (1994), where the court noted that although local regulations do not control the interpretation of state statutes; "local regulations must be consistent with statutes;" and Chudnov v. Board of Appeals, 113 Conn. 49, 51-52
(1931), where the court held that "the dominant and distinguishing characteristic of (farming) in both the popular and legal sense of the term is the cultivation of the soil for the production of crops therefrom . . . the business of cultivating land, or employing it for the proposes of husbandry; the cultivation and fertilization of the soil . . ."
These statutory and case law authorities plainly define the term "farming"[2] broadly enough to include the plaintiff's stump grinding operations. The plaintiff is essentially cultivating the soil on her farm by adding the ground up wood, which she has made into a mulch. Indeed, as noted, the board agrees that the plaintiff is enhancing the soil by using an agricultural product. More importantly for the resolution of this case, however, there is nothing in the statutes, case law, or the town's regulations which would transform this agricultural activity into a prohibited activity merely because the plaintiff obtains the raw materials for it from outside the boundaries of the property in question. And, although law and logic do not always coexist, no one in this case has suggested any logical reason why the plaintiff's use of imported stumps to improve the soil, rather than stumps grown on the property in question, changes the nature of her operations from farming into something that is not farming. In short, the plaintiff was engaging in a "farm use," which is a permitted use in the zone, and the zoning CT Page 3005 enforcement officer and the board had no authority under the zoning regulations to prohibit that use.
The board's argument that the activity constitutes a nuisance cannot be sustained. Many, if not most, "farm uses" would constitute nuisances in residential zones where farms are prohibited. But it would be wholly unreasonable and contradictory to hold that a farm use constitutes a nuisance in a zone where farm use is specifically permitted.
The court concludes that the board's decision in this case is unreasonable and arbitrary and is contrary to the town's zoning regulations. The plaintiff's appeal is sustained.
MALONEY, J.